104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James DUNLOP-McCULLEN, Plaintiff-Appellant,
v.
LOCAL 1-S RWDSU-AFL-CIO, Joseph Pascarella, Margaret
Samuels, Gwendolyn Parham, RWDSU-AFL-CIO, and
Lenore Miller, Defendants-Appellees.
 No. 96-7104.
 United States Court of Appeals, Second Circuit.
 Oct. 25, 1996.
 
 APPEARING FOR APPELLANT: James Dunlop-McCullen, PRO SE, Flushing, New York
 APPEARING FOR APPELLEES: Malcolm A. Goldstein, O'Donnell & Schwartz New York, New York Jon Quint, Mound, Cotton & Wollan New York, New York
 S.D.N.Y.
 AFFIRMED.
 Before WALKER, Jr., McLAUGHLIN, and JACOBS, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Martin, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant, James Dunlop-McCullen, proceeding pro se, appeals from the district court's judgment granting the defendants' summary judgment motion and dismissing his complaint. Dunlop-McCullen argues that by dismissing his eight causes of action against the six defendants, the district court overlooked issues of material fact.
 
 
 3
 Dunlop-McCullen instituted his pro se action against defendants Local 1-S of the Retail Wholesale and Department Store Union ("Local 1-S"), Joseph Pascarella, the President of Local 1-S, Margaret Samuels, the Executive Vice President of Local 1-S, and Gwendolyn Parham, the business manager of Local 1-S (collectively "Local Defendants"), as well as the Retail Wholesale and Department Store Union AFL-CIO ("RWDSU"), and its President, Lenore Miller (collectively, "the International Defendants").
 
 
 4
 In September 1993, the Executive Board of Local 1-S ("the Board") voted to void Dunlop-McCullen's election to the Board for his failure to pay a prior union debt. Dunlop-McCullen's appeals to the Board and the RWDSU were denied, and in February 1994, he filed this complaint. In the summer of 1994, the bankruptcy court discharged Dunlop-McCullen's union debt and restored his membership in good standing. As a result, in September 1994, Dunlop-McCullen regained his position on Local 1-S's Executive Board--a position that he still holds.
 
 
 5
 Dunlop-McCullen complains of the following: (1) his September 1993 removal from union office without a hearing, constituted "discipline" in violation of Titles I and VI of the Labor Management Reporting and Disclosure Act ("the LMRDA"), 29 U.S.C. §§ 411, 529, as well as the constitutions of both the Local and International Defendants; (2) Local 1-S and the RWDSU failed to process his grievances; (3) Local 1-S breached its duty of fair representation by renegotiating its collective bargaining agreement with Macy's; (4) Local 1-S fraudulently induced members of the union to ratify the agreement with Macy's; (5) Local 1-S libeled him in the Bankruptcy Court proceedings; (6) Local 1-S denied his First Amendment and Due Process rights; (7) breach of contract; (8) Local 1-S breached its fiduciary duty by allowing Samuels' daughter to make use of a union car.
 
 
 6
 We review the district court's grant of summary judgment de novo to determine whether a genuine issue of material fact exists and whether the defendants are entitled to judgment as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). We draw all reasonable inferences in the light most favorable to the nonmoving party. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir.1994).
 
 
 7
 Title I, § 101 of the LMRDA, as well as the constitution of both the Local and International defendants, prohibits members of labor organizations from being disciplined without affording them a full and fair hearing. 29 U.S.C. §§ 411(a)(5), 529. We agree with the district court's determination that the plaintiff's removal from union office for failure to pay a prior union debt was an election matter and did not constitute "discipline" within the meaning of the statute. See Schonfeld v. Penza, 477 F.2d 899, 902 (2d Cir.1973) (district court lacked jurisdiction to hear action insofar as it challenged a union member's removal from office); see also Department of Labor v. Aluminum, Brick & Glass Workers Int'l Union, Local 200, 941 F.2d 1172, 1180 (11th Cir.1991) (disqualification of certain union members from elections was not discipline within the meaning of the Act).
 
 
 8
 With respect to plaintiff's breach of fiduciary duty claim, we agree with the district court that Dunlop-McCullen did not meet the requirements set forth in 29 U.S.C. § 501(b) prior to filing his claim. A union member may commence a breach of fiduciary duty action against an officer of the union, but "[n]o such proceeding shall be brought except upon leave of the court obtained upon verified application." Id. Thus, even if, as plaintiff claims, the union did not act upon his complaint letter, the record does not indicate that the plaintiff sought to obtain leave of the court before instituting his breach of fiduciary duty claim. As such, the district court properly dismissed Dunlop-McCullen's breach of fiduciary duty claim. See Dinko v. Wall, 531 F.2d 68, 74 (2d Cir.1976) (discussing requirement that plaintiffs obtain leave of court prior to commencing suit).
 
 
 9
 We have considered Dunlop-McCullen's other contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.